**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| HOWARD LEVY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0085-AT-JFK-5 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-3120-AT-JFK |

**<u>UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION</u>**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the motion to vacate [206], the government's answer-response [214], Movant's reply [218], and Movant's and the government's post-hearing briefs on Ground Three of the motion to vacate [243, 244].

**I. <u>Background</u>**

The Grand Jury in the Northern District of Georgia charged Movant in Count One with attempt and conspiracy to commit bank fraud and with eleven additional counts of bank fraud and/or fraud with identification documents. (Superseding Indictment, ECF No. 45). On August 22, 2012, represented by Thomas C. Wooldridge, Movant entered into a plea agreement with the government to plead guilty

to Count One.  (Guilty Plea and Plea Agreement, ECF No. 153-1).  Movant agreed that he voluntarily and expressly waived the right to appeal or collaterally attack his conviction and sentence, with exceptions that do not apply here.  (Id. at 8-9).  In exchange for Movant's guilty plea, the government, among other things, agreed that it would not bring against Movant further criminal charges related to the charges to which he pleaded guilty, that the remaining charges against Movant would be dismissed, and that it would recommend an adjustment for acceptance of responsibility.  (Id. at 3-5).

The Court accepted Movant's guilty plea.  (Plea Hr'g Tr. at 33, ECF No. 211).  In a judgment and commitment order entered on February 8, 2013, the Court sentenced Movant to a twenty-month term of imprisonment.  (J., ECF No. 187).  The remaining counts against Movant were dismissed.  (See Docket Entry 187).

In September 2013, Movant filed his § 2255 motion, in which he asserts the following three grounds for relief:

(1)   Ineffective assistance of counsel for advising Movant that he was pleading guilty to bank fraud and not advising him regarding mail fraud and explaining the elements of conspiracy.  (Mot. to Vacate at 5, ECF No. 206).

(2)   Ineffective assistance of counsel for failing adequately to advise Movant on the immigration consequences of pleading guilty.  (Id.).

(3)   Ineffective assistance of counsel for failing to file an appeal – "I told my attorney that I was dissatisfied with the restitution and that I wanted to appeal it, but he advised me not to."  (Id.).[1]

## II.   Discussion

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Collateral relief, however, is limited.  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09

---

[1]The government responds that Grounds One and Two – which essentially attack the validity of Movant's guilty plea – are properly raised in a collateral attack notwithstanding Movant's collateral-review waiver. (Gov't Resp. at 3-4 n.2, ECF No. 214).  The Court agrees.  See Patel v. United States, 252 F. App'x 970, 971, 974-75 (11th Cir. 2007) ("[J]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a[n] . . . agreement cannot be barred by the agreement itself-the very product of the alleged ineffectiveness." (internal quotation marks and citation omitted)).

3

(2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it is the movant's burden to establish his right to relief. Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

### A.     Ground One

Movant was charged in Count One with attempt and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 (governing bank fraud) and 1349 (governing attempt and conspiracy for fraud offenses). (Superseding Indictment at 1-4, ECF No. 45). Movant pleaded guilty to Count One. (Guilty Plea and Plea Agreement at 1, ECF No. 153-1). At the plea hearing, (1) the Court stated that Movant was pleading guilty to conspiracy to commit bank fraud, in violation of §§ 1344 and 1349; (2) Movant stated that he had reviewed the plea agreement with counsel; (3) at the Court's request, the government outlined the elements for bank fraud and conspiracy; and (4) Movant, under oath, stated that he understood the charge to which he was pleading. (Plea Hr'g Tr. at 2-3, 9-10, ECF No. 211). The Court accepted Movant's guilty plea. (Id. at 33).

At sentencing, after discussing Movant's bank fraud crime, the Court imposed a twenty-month term of imprisonment on Count One. (Sentencing Tr. at 42-45, ECF

No. 228). The Judgment in Movant's case cites Count One but states "Conspiracy to Commit Mail Fraud" as the nature of the offense. (J. at 1, ECF No. 187).

Movant argues that counsel provided ineffective assistance when he advised Movant that he was pleading guilty to bank fraud and did not advise him regarding mail fraud and explain the elements of conspiracy. (Mot. to Vacate at 5, ECF No. 206). The government responds (1) that counsel's failure to advise on mail fraud was reasonable as Movant had not been charged with mail fraud and (2) that the explanation of the charges at the plea hearing and Movant's statement under oath that he understood the charges foreclosed a showing of prejudice based on counsel's alleged failure to explain conspiracy. (Gov't Resp. at 3-7, ECF No. 214).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that "(1) counsel's advice

5

was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., _ F.3d _, 2015 WL 108623, at *7 (11th Cir. Jan. 8, 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)).

Movant fails to show any deficiency based on counsel's failure to advise him on mail fraud when he had not been charged with mail fraud. The mis-statement "Conspiracy to Commit Mail Fraud" to describe the nature of the offense, (J. at 1), though understandably confusing, is apparently a scrivener's error, which occurred *after* counsel advised Movant on pleading guilty. Notably, the Judgment also states that Movant pleaded guilty to Count One. The misstated nature of the offense does not change the substance of Count One – conspiracy to commit bank fraud – for which Movant was charged and to which he pleaded guilty. Additionally, Movant does not show how he was prejudiced by counsel's alleged failure to explain conspiracy when the elements of bank fraud and conspiracy were outlined during the plea hearing and Movant stated under oath that he understood the charges. Movant provides nothing to suggest that an additional explanation of bank fraud and conspiracy by counsel would have caused him not to plead guilty and, instead, go to trial on bank-fraud

6

conspiracy and the eleven additional counts of bank fraud and/or fraud with identification documents.  Ground One fails.

**B.     Ground Two**

In his plea agreement, Movant agreed that there may be immigration consequences, including removal from the United States, to pleading guilty. (Guilty Plea and Plea Agreement at 9).  Further, Movant affirmed that he wanted to plead guilty even if the consequence was automatic removal from the United States.  (Id.). At the plea hearing, the Court inquired whether Movant had discussed with counsel possible immigration consequences.  (Plea Hr'g Tr. at 18).  Counsel stated that he had advised Movant that he may face deportation, that he was not an immigration attorney, and that he should speak with a specialist for greater certainty.  (Id. at 19-20).  The government stated that a consequence of the plea could be deportation and that it was sufficient that Movant was aware of the possible consequences.  (Id.).  After the Court gave Movant additional time to consult with counsel, Movant assured the Court that he had adequately discussed immigration consequences and that he wished to proceed. (Id. at 21).

Movant now argues that counsel provided ineffective assistance when he failed to advise Movant adequately on the immigration consequences of pleading guilty.

7

(Mot. to Vacate at 5). The government argues that counsel performed reasonably under Padilla v. Kentucky, 559 U.S. 356 (2010), in informing Movant that his guilty plea may result in deportation. (Gov't Resp. at 9-10).

The Strickland standard, reviewed above, applies. To provide competent assistance, counsel "must inform [his] client whether his plea carries a risk of deportation." Padilla, 559 U.S. at 369, 374 ("When the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.[] But when the deportation consequence is truly clear . . . , the duty to give correct advice is equally clear." (footnote omitted)).

Counsel's advice was constitutionally adequate. Counsel made Movant aware that he was not an immigration specialist, advised Movant that he may face deportation, and recommended that Movant consult a specialist. Movant decided not to pursue the matter with a specialist and pleaded guilty knowing that deportation was a possible consequence and that his counsel did not have the training in immigration law to advise him with certainty on the matter. Further, even if counsel should have advised Movant that removal was clear, Movant fails to show prejudice. Based on Movant's statement that he wanted to plead guilty even if removal was automatic, the

8

Court cannot find that additional advice from counsel would have caused Movant to reject the plea agreement and proceed to trial on all charges. Ground Two fails.

### C. Ground Three

Movant argues that counsel provided ineffective assistance when he failed to file an appeal – "I told my attorney that I was dissatisfied with the restitution and that I wanted to appeal it, but he advised me not to." (Mot. to Vacate at 5). The government responds that Movant's claim is barred by his collateral-review waiver and that Movant otherwise fails to show that counsel was ineffective. The issues of waiver and whether counsel provided ineffective assistance are reviewed separately below, along with additional relevant facts.

#### 1. Collateral-Review Waiver

Movant agreed that he voluntarily and expressly waived the right to appeal or collaterally attack his conviction and sentence, with exceptions that do not apply here. (Guilty Plea and Plea Agreement at 8-9). Movant further agreed that he had read and carefully reviewed the plea agreement with counsel, including the waiver of the right to appeal or collaterally attack his conviction and sentence. (Id. at 11). During the plea hearing, the government and the Court reviewed the appeal and collateral-review

9

waiver, as waiving the right to appeal or collaterally attack the sentence. (Plea Hr'g Tr. at 24-26). Movant stated that he understood. (Id. at 26).

The government argues that Movant's collateral-review waiver is valid. The government further argues that although a waiver of the right to direct review does not waive the right to collaterally challenge counsel's failure to file a direct appeal, Movant's collateral-review waiver does waive that right. (Gov't Resp. at 15-16).

An appeal waiver[2] is valid if a defendant enters into it knowingly and voluntarily. See Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (involving waiver of right to directly appeal or collaterally challenge sentence, referred to as a sentence appeal waiver); United States v. Bushert, 997 F.2d 1343, 1350-55 (11th Cir. 1993) (same). A waiver is valid and enforceable if the government demonstrates that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy or (2) the record clearly shows that the defendant otherwise understood the significance of the waiver. Bushert, 997 F.2d at 1351. A waiver of the right to collaterally attack a sentence is valid when the court discussed only the direct-appeal portion of the waiver but the record otherwise shows that the

---

[2] The Court uses the term appeal waiver generally to refer to a waiver of all or less than all of the rights to directly appeal a conviction and sentence and collaterally attack a conviction and sentence.

10

defendant understood the waiver. Medina v. United States, No. 13-11387, 2015 WL 161656, at *2-3 (11th Cir. Jan. 14, 2015).

Within the Eleventh Circuit, waivers are enforced according to their terms. United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006).  Thus, a waiver of the right to file a direct appeal does not bar the right to file a collateral attack, Thompson v. United States, 353 F. App'x 234, 235 (11th Cir. 2009), and a waiver of the right to directly appeal or collaterally attack *the sentence* does not bar a collateral claim that counsel was ineffective for failing to file a direct appeal, Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005).

In enforcing the terms of an appeal waiver, the Tenth Circuit has found that a waiver of the right to collaterally attack *the sentence and conviction* bars a collateral claim that counsel was ineffective for failing to file an appeal.  United States v. Viera, 674 F.3d 1214, 1218-19 (10th Cir. 2012) (stating that a collateral claim that counsel failed to file a requested appeal is barred by a valid collateral-review waiver "because counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver").[3]

---

[3]The Eleventh Circuit Court of Appeals does not appear to have addressed this particular issue.

11

Based on Movant's plea agreement and written acknowledgment that the appeal waiver covered his right to directly appeal or collaterally attack his conviction and sentence, in combination with the Court's questioning during the plea hearing, the undersigned recommends that Movant's collateral-review waiver was voluntary and is valid. Further, it appears that Movant's broad collateral-review waiver forecloses all collateral claims other than those claims that go to the voluntary nature of the waiver and plea. Because a challenge to counsel's assistance in failing to file an appeal does not go to whether or not the plea or waiver were knowing and voluntary, it is recommended that Ground Three is barred by Movant's broad waiver. Alternatively, as discussed below, Movant's claim otherwise fails.

### 2. **Counsel's Assistance in Filing an Appeal**

In his plea agreement, Movant agreed that he would be subject to paying full restitution to all victims and that the intended loss amount was more than $200,000 and less than $400,000. (Guilty Plea and Plea Agreement at 3-6). At the plea hearing, the government reviewed the possible penalties and stated that the Court would be required to impose restitution for actual losses to the financial institutions, and Movant stated, under oath, that he understood. (Plea Hr'g Tr. at 15).

12

Movant's guidelines sentencing range was twenty-seven to thirty-three months, and Movant, through counsel, asked for a sentence of probation. (Sentencing Tr. at 5, 14). On February 5, 2013, the Court sentenced Movant below the guidelines range to a twenty-month term of imprisonment and imposed $218,515.34 in restitution. (Id. at 45). The Court explained to Movant that an appeal must be filed within fourteen days from the entry of judgment; that he could apply to appeal *in forma pauperis* if he could not afford the cost of an appeal; that the Clerk of Court would prepare and file an appeal on his behalf if requested; and that if his current counsel was not able to file an appeal, the Court would appoint other counsel. (Id. at 50).

After sentencing, the Court granted Movant three extensions of time in which to voluntarily surrender – until July 8, 2013. (See Order of June 21, 2013, ECF No. 203). In September 2013, Movant filed his motion to vacate. (Mot. to Vacate).

The Court held a hearing to determine the content of the communication between Movant and counsel regarding the filing of an appeal. (Magistrate Hr. Tr., ECF No. 238). At the hearing, Movant testified that he had expected probation and told counsel in the parking lot after sentencing that he was unhappy with and wanted to appeal his sentence, particularly restitution, and that counsel had stated that appeal was not a good idea because Movant had received a good sentence. (Id. at 8). Movant

explained that he could not pay restitution and stated, "I didn't know I was going to pay restitution." (Id.). Movant testified (1) that after he received notice regarding his duty to surrender he contacted counsel (apparently via telephone or e-mail after several tries) to discuss an extension and counsel informed him that he no longer represented him and (2) that during the time before he surrendered he never met in person with counsel. (Id. at 9-10, 12). Movant testified that he contacted the Court, *pro se*, regarding an extension of the time to surrender[4] and the possibility of house arrest.[5] (Id. at 9-12, 30-31, 35-36). Movant testified that in his *pro se* communication with the Court he did not mention the issue of appeal because "that was for my lawyer to do[.]" (Id. at 30).

Counsel testified that after sentencing he had a brief conversation with Movant along the lines that the sentence was a below guidelines sentence and that there were

---

[4]The record shows that Movant asked for an extension three times and does not show that Movant mentioned the matter of appeal in those communications. (See *Pro se* motion, ECF No. 198; *Pro se* motion, ECF No. 201; Order of June 21, 2013, ECF No. 203).

[5]On July 4, 2013, Movant sent the Court an e-mail in which he requested house arrest instead of confinement and in closing stated, "Please reconsider, I feel my lawyer abandon me when I needed him to be there for me and my family." (Gov't Ex. 2). Movant did not mention appeal or the desire to appeal. The Court's Deputy Clerk informed Movant that he must submit his request in writing.

14

no issues for appeal. (Id. at 45). Counsel testified that Movant responded by saying okay and shrugging his shoulders. (Id. at 45-46). Counsel testified that after sentencing Movant never represented that he wanted to appeal any portion of his sentence, did not express dissatisfaction with restitution, did not ask him to appeal the restitution portion of the sentence, and did not ask him to file any appeal. (Id. at 45-47). Counsel testified that he had seen no non-frivolous grounds for appeal and that Movant never indicated anything that led him to believe that Movant wanted to appeal. (Id. at 48-49).

To show that trial counsel was ineffective for failing to file a notice of appeal, a defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. When counsel disregards a client's specific instructions to file an appeal, prejudice is presumed. Gomez-Diaz, 433 F.3d at 792.

Absent specific instructions to file an appeal, counsel provides professionally unreasonable service if (1) "a rational defendant would want to appeal" or the "defendant reasonably demonstrated to counsel that he was interested in appealing"

15

and (2) counsel did not consult with the defendant regarding an appeal. Flores-Ortega, 528 U.S. at 480, 484 (stating that the defendant must then show prejudice, which is not presumed). If a decision on counsel's effectiveness in failing to file an appeal requires a credibility finding and the pleadings are insufficient to "establish the content of the communications between [the Movant] and his attorney," an evidentiary hearing is required. Gomez-Diaz, 433 F.3d at 792.

In consideration of the evidence presented at the hearing, the undersigned finds Movant non-credible in regard to Ground Three. In particular, Movant's assertion that he did not know he was going to pay restitution shows a lack of credibility in light of Movant's plea agreement and the discussion on restitution during the plea hearing. Further, even if Movant at that time he pleaded guilty did not know the final calculation for actual loss to the banks, he agreed that the intended loss amount was more than $200,000 and less than $400,000, which indicates that restitution could be significant. Additionally, based on Movant's own testimony, he was informed by counsel, at some point before his July 2013 surrender, that counsel no longer represented him. Movant has not suggested that, at that point, he questioned counsel on the status of his appeal, attempted to meet with counsel (although Movant was out on bond), or did anything else to determine the status of the appeal that he allegedly

16

asked counsel to file. Had Movant asked counsel to file an appeal and learned shortly thereafter that counsel was no longer representing him, it stands to reason that he would have taken some action to protect his appeal.

In contrast, the Court finds nothing that brings into question the credibility of counsel's testimony that Movant shrugged his shoulders and said okay in response to counsel's advice that there were no issues to appeal. Counsel's testimony is consistent with Movant's lack of action and silence on the matter until September 2013, when Movant filed his motion to vacate.

The undersigned credits counsel's testimony that Movant did not ask him to file an appeal and did not reasonably demonstrate that he was interested in appealing. Further, Movant has not convinced the Court that a rational defendant would have wanted to appeal. Movant received a favorable plea agreement under which the government agreed to forgo eleven counts, knew that he would be required to pay restitution for the actual loss to the victims, and received a favorable term of imprisonment below the guidelines range. These facts show no rational basis for an appeal in light of Movant's appeal waiver. Movant's desire for a term of probation and for a lesser amount of restitution, though understandable, without more, do not provide a rational and non-frivolous reason to appeal. See Otero v. United States, 499 F.3d

17

1267, 1271 (11th Cir. 2007) ("In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask . . . whether the plea expressly waived the right to appeal. . . . [O]n account of the plea agreement's broad appeal waiver, any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken."). Ground Three fails.

### III. Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

18

It is recommended that a COA is unwarranted because, based on the discussion above, there is no issue that deserves encouragement to proceed further. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this 28 U.S.C. § 2255 motion [206] and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the 28 U.S.C. § 2255 motion to the undersigned Magistrate Judge.

**IT SO DIRECTED and RECOMMENDED** this 26th day of January, 2015.

*(signature)*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)